IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          No. 06-2370-B

NINETY-SIX THOUSAND ONE HUNDRED
DOLLARS ($96,100.00) IN UNITED STATES
CURRENCY,

    Defendant.
_____

ORDER GRANTING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DISMISSING CASE
_____

On October 30, 2003, Logan C. B. Young, Jr. was indicted for violating 18 U.S.C. §§ 371 and 1952 and 31 U.S.C. 5324(a)(3). The Government also sought criminal forfeiture pursuant to 31 U.S.C. § 5317(c). The indictment alleged that Young, a University of Alabama football booster, paid public high school football coach Lynn Lang $150,000 to encourage one of his star players, Albert Means, to sign with the University of Alabama football program. The payments occurred from September 2, 1999 through October 6, 2000. According to the indictment, in order to avoid currency transaction reporting requirements, Young made the payments in increments of less than $10,000, from which arose charges of structuring and conspiracy to structure financial transactions. Young's jury trial began on January 24, 2005, after which the jury returned a verdict of guilty on all counts. In addition, the jury concluded that Young's funds in the amount of $96,100.00 should be forfeited.

The parties entered into a consent preliminary order of forfeiture, acknowledging therein

Young's right to challenge the forfeiture on appeal. On August 9, 2005, Young deposited a cashier's check in the forfeiture amount with the Clerk of this Court and filed an appeal. Young died in a fall at his home on April 11, 2006 while the appeal was pending. On June 9, 2006, the Sixth Circuit Court of Appeals ordered this Court to vacate Young's conviction, vacate the order of forfeiture, return the $96,100.00 and dismiss the indictment. The Government filed a Verified Complaint of Forfeiture against the Defendant, Ninety-Six Thousand One Hundred Dollars ($96,100.00) in United States Currency, on June 16, 2006, claiming the funds were subject to forfeiture based upon alleged violations of 31 U.S.C. §§ 5313, 5316, or 5324, or any conspiracy to commit such a violation. On June 20, 2006, Louis F. Allen, executor of Young's estate (sometimes referred to herein as the "Claimant"), submitted a claim contesting the Government's forfeiture action. Before the Court are the cross-motions of the parties for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

> Rule 56 states in pertinent part that a
>
> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Summary judgment is warranted against a party who fails to make a sufficient showing to demonstrate the existence of an element essential to its case and on which it will bear the burden at trial. Celotex, 477 U.S. at 322-23, 106 S. Ct. at

2552.

The Claimant argues in his motion that (1) the Government's complaint is time-barred and (2) it cannot demonstrate the property seized was "involved in" or "traceable to" illegal activity and, therefore, is not subject to forfeiture under the applicable statute.  As it is dispositive of the case, the Court will address only the first contention.

Title 31 U.S.C. § 5317(c)(2), which governs civil forfeiture, provides that "[a]ny property involved in a violation of [§ 5324], or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to [18 U.S.C. § 981(a)(1)(A)]."  Subsection (d) of § 981 incorporates the customs laws (19 U.S.C. § 1602, et seq.) into proceedings for civil forfeiture.  See 18 U.S.C. § 981(d).  Actions under the customs laws must be commenced "within five years after the time when the involvement of the property in the alleged offense was discovered."  19 U.S.C. § 1621; see United States v. James Daniel Good Real Prop., 510 U.S. 43, 63, 114 S. Ct. 492, 505-06, 126 L. Ed. 2d 490 (1993) (applying five-year limitations period set forth in § 1621 to civil forfeiture action).  "The statute of limitations at issue has been enforced according to a 'known or should have known' standard, which is short-hand for the rule that an offense is discovered when the Government discovers or possesses the means to discover the alleged wrong, whichever occurs first."  United States v. $515,060.42 in United States Currency, 152 F.3d 491, 502 (6th Cir. 1998), reh'g denied (Aug. 14, 1998) (internal citations omitted).

The Claimant argues that, as the Government "knew or should have known" about the offense before June 16, 2001, five years prior to the filing of the complaint, the forfeiture action was

3

untimely. The facts adduced at trial, viewed in the light most favorable to the Government, revealed that Lang was approached by various college football coaches who indicated their willingness to pay him to steer Albert Means to their programs. Lang discussed methods for making money from Means' talents with his assistant coach, Milton Kirk. In August 1999, Kirk arranged for Lang to meet with Young at his home in Memphis. Young and Lang negotiated the price to be paid by the booster for Means to play football for the University of Alabama. Lang promised to buy Kirk an automobile with part of the payments received from Young. Later, when Kirk became disgruntled with Lang's failure to make good on his promise, Kirk went public to the local newspaper in January 2001, disclosing the financial arrangement between the coach and the Alabama booster with respect to Means. The federal investigation ensued on January 24, 2001.

In response, the Government concedes it did not file its complaint within the five-year statutory period. Rather, the Plaintiff submits that the period should have been tolled while Young's criminal case was pending. "[T]here is a rebuttable presumption that equitable tolling applies to statutes of limitation . . ." Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.), cert. denied, 534 U.S. 1057, 122 S. Ct. 649, 151 L. Ed. 2d 566 (2001). The Sixth Circuit has identified the following factors to be considered in determining whether equitable tolling is warranted: "(1) the [plaintiff's] lack of notice of the filing requirement; (2) the [plaintiff's] lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the [defendant]; and (5) the [plaintiff's] reasonableness in remaining ignorant of the legal requirement for filing [its] claim." Id. at 1008 (citing Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988)); see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000), reh'g & suggestion for reh'g en banc denied (May 16, 2000). The list is not comprehensive and not all the

enumerated factors may be material in every case. Instead, "the propriety of equitable tolling must necessarily be determined on a case-by-case basis." Graham-Humphreys, 209 F.3d at 561. Such relief is to be granted sparingly. Cook v. Stegall, 295 F.3d 517, 521 (6th Cir.), cert. denied, 537 U.S. 1091, 123 S. Ct. 699, 154 L. Ed. 2d 638 (2002).

The Government maintains that it diligently pursued forfeiture in the criminal case and was prevented from a successful forfeiture only by Young's death. It also insists that the Claimant was not prejudiced, as Young had notice of the Plaintiff's intent to forfeit the property by way of the indictment filed within the five-year period, as well as the opportunity in the criminal proceeding to present and preserve relevant evidence tending to show the property was not subject to forfeiture.

In support of its argument, the Government cites to the following language in United States v. $8,850.00, 461 U.S. 555, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983):

> Pending criminal proceedings present similar justifications for delay in instituting civil forfeiture proceedings. A prior or contemporaneous civil proceeding could substantially hamper the criminal proceeding, which . . . may often include forfeiture as part of the sentence. A prior civil suit might serve to estop later criminal proceedings and may provide improper opportunities for the claimant to discover the details of a contemplated or pending criminal prosecution. In some circumstances, a civil forfeiture proceeding would prejudice the claimant's ability to raise an inconsistent defense in a contemporaneous criminal proceeding.

$8,850.00, 461 U.S. at 567, 103 S. Ct. at 2013 (internal citations omitted). However, the Court went on to note that "the pendency of a trial does not automatically toll the time for instituting a forfeiture proceeding." Id., 103 S. Ct. at 2013-14. Indeed, Congress contemplated the contemporaneous filing of criminal proceedings and those for civil forfeiture. As the Government acknowledges, 18 U.S.C. § 981 provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal

case." 18 U.S.C. § 981(g)(1).  Section 981 also requires the court, upon motion by the claimant, to stay a civil forfeiture proceeding upon a determination that "the claimant is subject to a related criminal investigation or case"; "the claimant has standing to assert a claim in the civil forfeiture proceeding"; and "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case."  18 U.S.C. § 981(g)(2).

The Government points out that, had the civil forfeiture action been filed within the statutory period, either or both of the parties could likely have sought and obtained a stay.  Therefore, it avers, the statute of limitations was equitably tolled.  The Government appears to suggest that, if it had timely filed the civil forfeiture proceeding, that action would not have come before the Court any earlier than it actually did because the Court would probably have granted a stay of the civil proceeding at the request of one or both of the parties and, thus, no harm done.  Such a position, in support of which the Government has, not surprisingly, failed to cite caselaw, would render the statute of limitations meaningless.  The bottom line is that, although the Government clearly could have filed a contemporaneous civil proceeding and sought a stay, it elected *not* to do so, choosing instead to stand by and do nothing while the statutory period expired.  The Government has not claimed that it did not know of the filing requirement or that it was reasonable in remaining ignorant thereof.  Nor does the Government's strategic decision support, in this Court's view, a claim of diligence in pursuing its rights.  While it complains that it could not have foreseen Young's untimely death, the Government is presumed to have been aware of caselaw vacating criminal judgments in the event a defendant dies prior to the finality of a direct appeal.  The Government simply gambled on Young's longevity and good health, and lost.  Finally, any lack of prejudice to Young or his estate does not salvage the Government's forfeiture action.  Prejudice is not to be treated as an

"independent factor," but "may only be considered if the other factors of the test are met . . ." Dunlap, 250 F.3d at 1009.

Based on the foregoing, the Court finds that the relevant factors do not weigh in the Government's favor. Consequently, equitable tolling does not apply to the Government's complaint, which it is undisputed was filed outside the five-year statute of limitations. The motion for summary judgment of the Claimant is, therefore, GRANTED and the motion of the Plaintiff is DENIED.[1] The Clerk of Court is DIRECTED to enter judgment in favor of the executor of Logan Young's estate.

IT IS SO ORDERED this 2nd day of March, 2007.

                                                   s/ J. DANIEL BREEN
                                                   UNITED STATES DISTRICT JUDGE

---

[1]The Government's motion for summary judgment was based on the merits of the forfeiture claim which, for reasons articulated in the Court's opinion, need not be addressed.